UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

COBBLER NEVADA, LLC,

        Plaintiff,

    v.

TIMOTHY HELLMAN,

        Defendant.

Case No. 6:15-CV-00909 -ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

This is an action for violation of the Copyright Act, 17 USC §§ 101 *et seq*, based on the unlawful downloading and distribution of plaintiff's copyrighted motion picture, *The Cobbler*, using peer-to-peer file sharing software referred to BitTorrent.

Defendant, Timothy Hellman ("Mr. Hellman"), representing himself, has filed a Motion to Dismiss plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, that motion should be denied.

## BACKGROUND

On May 27, 2015, plaintiff filed a Complaint against an unknown defendant identified only by an Internet Protocol ("IP") address which plaintiff's investigators had observed as distributing plaintiff's motion picture on multiple occasions. Plaintiff then filed a

1 – FINDINGS AND RECOMMENDATION

motion seeking leave to expedite discovery and issue a subpoena to Internet Service Provider ("ISP") Comcast for contact information of the subscriber to the IP address used by the defendant to infringe plaintiff's rights (docket #3). After the Court granted that motion (docket #6), plaintiff served a subpoena on Comcast.

On July 15, 2015, Comcast returned a subpoena response identifying a single individual as the subscriber to the IP address. Plaintiff made several attempts to contact the subscriber who was unresponsive. On August 3, 2015, plaintiff filed a motion seeking leave to issue an FRCP 45 subpoena for the deposition of the non-party subscriber identified by Comcast as responsible for the IP address (docket #8). After the Court granted that motion (docket #10), plaintiff personally served the subscriber on August 20, 2015, with a subpoena for his deposition, a cover letter, a copy of the Court's Order, and a mileage and appearance fee.

Based on its subsequent investigation, plaintiff filed a First Amended Complaint on September 21, 2015, naming Mr. Hellman as the defendant (docket #11). Plaintiff alleges that Mr. Hellman is the subscriber identified by Comcast who has "confirmed under oath" that he regularly used the BitTorrent network to download copyrighted content, maintained a secure Wi-Fi/network with a password, and has no information to suggest that anyone else might be the liable party. First Amended Complaint, ¶¶ 12-15.

## LEGAL STANDARDS

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007). A claim is facially plausible when the complaint alleges facts that allow the court to draw the reasonable inferences that the defendant is liable for the

misconduct alleged.  *Id*.  When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint and construe the pleadings in the light most favorable to the non-moving party.  *Native Village of Kivalina v. ExxonMobile Corp.*, 696 F3d 849, 867 (9th Cir 2012), *cert. denied*, 133 SCt 2390 (2013) (citation omitted).  It is only under extraordinary circumstances that dismissal is proper under FRCP 12(b)(6).  *United States v. City of Redwood City*, 640 F2d 963, 966 (9th Cir 1981).

## FINDINGS

In his Motion to Dismiss, Mr. Hellman argues that plaintiff has failed to plead the necessary requirements to sustain a claim for copyright infringement.  In order to state a claim for copyright infringement, a plaintiff must allege that it owns a valid copyright and that the defendant has committed an act in violation of plaintiff's rights protected by the Copyright Act, 17 USC § 106.  *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc.*, 499 US 340, 361, (1991).

The First Amended Complaint alleges both of those necessary elements.  With respect to the first element, paragraphs 5-8 allege that plaintiff is the "proprietor of all copyrights and interests needed to bring suit" with respect to the registered copyright in the original motion picture, *The Cobbler*.  With respect to the second element, paragraphs 16 through 20 allege that Mr. Hellman knowingly and intentionally copied and distributed plaintiff's motion picture through the BitTorrent network and thereby violated plaintiff's exclusive rights under the Copyright Act.  Both copying and distributing copyrighted material are protected and exclusive rights. 17 USC §106(1) and (3).  When taken as true, these allegations establish both elements required to state a claim of copyright infringement.

Mr. Hellman also seeks dismissal of the First Amended Complaint based on a failure to plead sufficient "volitional conduct" to establish that he engaged in or directly caused the alleged

infringement through his internet connection. He equates the allegations "to suing the subscriber of a telephone line where an allegedly illegal telephone call took place without having evidence of who is responsible for the unlawful act." However, plaintiff does not simply name Mr. Hellman as a defendant because he paid a bill or was on an invoice for Internet service. Instead, plaintiff alleges specific facts showing that Mr. Hellman personally engaged in conduct that violated its rights.

Plaintiff alleges that Mr. Hellman "confirmed under oath that he has been an active participant and has downloaded content through the BitTorrent network using his personal computer and the Internet associated with IP address 98.232.194.240 assigned and installed by Comcast at his residence." First Amended Complaint, ¶ 13. It also alleges that access to Mr. Hellman's "Internet Service has been password protected" and that Mr. Hellman "has no information to suggest that any other residents of the household are responsible for the infringement of plaintiff's motion picture." *Id,* ¶¶ 14-15. These are reasonable and plausible facts that lead to the conclusion that the infringer is a permissive user and very likely a resident of the household tied to the IP address. They also lead to the reasonable inference that Mr. Hellman is the BitTorrent user responsible for the copying and distribution of plaintiff's motion picture. In other words, plaintiff has not named Mr. Hellman as a defendant based solely on his status as the subscriber to the Internet service, but as the actual copyright infringer.

Mr. Hellman appears to misunderstand that alleging facts is not the same as proving facts. On a motion to dismiss, this court must assume that the facts alleged in the First Amended Complaint are true and construe them in plaintiff's favor. Based on those allegations, plaintiff states a claim for copyright infringement against Mr. Hellman that is not subject to dismissal. However, in order to prevail on its claim, plaintiff will now have to prove that those facts are true

and the Mr. Hellman is the person who actually infringed plaintiff's rights under the Copyright Act by willfully, knowingly and intentionally copying and/or distributing plaintiff's motion picture.

## RECOMMENDATION

For the reasons set forth above, defendant's Motion to Dismiss (docket #13) should be DENIED.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, December 31, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  December 14, 2015.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge